UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Benny Perez,

    Plaintiff,

v.                                             Case No. 11-10182

Commissioner of Social Security,        Honorable Sean F. Cox

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Benny Perez ("Plaintiff") filed this action challenging the Commissioner of Social Security's unfavorable decision disallowing benefits. Thereafter, Plaintiff filed a motion seeking remand and the Commissioner filed a motion for summary judgment. Those motions were referred to Magistrate Judge R. Steven Whalen, pursuant to 28 U.S.C. § 636, for issuance of a report and recommendation.

On February 22, 2012, Magistrate Judge Whalen issued his report and recommendation ("R&R") wherein he recommends that the Court deny Plaintiff's motion for remand, grant the Commissioner's motion for summary judgment, and affirm the findings of the Commissioner. (Docket Entry No. 12).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional

1

evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On March 3, 2012, Plaintiff filed written objections to the February 22, 2012 R&R. (Docket Entry No. 13).

First, Plaintiff objects to the Magistrate Judge's determination that the ALJ's hypothetical posed to the vocational expert adequately addressed the Plaintiff's moderate deficiencies in concentration, persistence and pace. (Obj. at 1). Having reviewed the record, this Court agrees with the Magistrate Judge that there is no basis to overturn the ALJ's decision regarding Plaintiff's deficiencies in concentration, persistence and pace.

Plaintiff relies heavily on the conclusions of Dr. Kishore Kondapaneni, who examined Plaintiff in 2009, and determined that Plaintiff had moderate to marked deficiencies of concentration, persistence and pace. (Tr. at 623). Before the Court discusses the ALJ's hypothetical to the vocational expert, the Court must first address the ALJ's decision to discount the conclusions of Dr. Kondapaneni.

As stated by the Magistrate Judge, the ALJ issued a very thorough discussion of Plaintiff's medical records and the conclusions of Plaintiff's physicians. Having reviewed Dr. Kondapaneni's records, the Court agrees that the ALJ did not err by concluding to give less weight to Dr. Kondapaneni's opinions. First, Dr. Kondapaneni's report contains little more than the subjective complaints of Plaintiff. The substantive portion of Dr. Kondapaneni's records consisted only of checked boxes on a form covering the periods of July 2009 to December 2009. In fact, among the list of memory, concentration, societal interaction, and adaptive limitations relied upon by Dr. Kondapaneni on the form that he filled out, none were checked as "markedly

limited," most were identified as "moderately limited," and some were identified as "not significantly limited." (Tr. at 624-625). Moreover, contrary to Plaintiff's contention, the ALJ did not completely reject the conclusions of Dr. Kondapaneni. Instead, the ALJ simply chose to give greater weight to records dating back to Plaintiff's incarceration and the conclusions of the State agency exams, which present a history of lesser societal and concentrational limitations. The ALJ's determination that Plaintiff's societal and concentrational limitations are not severe as presented by Dr. Kondapaneni is supported by substantial evidence.

After determining the severity of Plaintiff's limitations, the ALJ presented to the vocational expert a hypothetical involving an individual who could perform jobs limited to "simple, routine, repetitious tasks with one or two-step instructions, that does not impose . . . strict production quotas, meaning the responsibility to produce a specified number of units of work in a specified period of time . . . ." (Tr. at 55). Thus, while the ALJ did not specifically use the terms "concentration," "persistence," and "pace," the ALJ clearly addressed these issues in the hypothetical presented to the ALJ. The Court therefore finds Plaintiff's objections regarding the weight afforded to Dr. Kondapaneni's opinions and to the ALJ's hypothetical are without merit.

Next, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in his consideration of Plaintiff's Global Assessment of Functioning ("GAF")[1]. The Magistrate Judge found that the ALJ's discussion of Plaintiff's GAF does not provide grounds for remand. Again,

---

[1] "GAF is a clinician's subjective rating, on a scale of zero to 100, of an individual's overall psychological functioning . . . A GAF score may help an ALJ assess mental RFC, but it is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning." *Kornecky v. Commissioner of Social Security*, 167 Fed.Appx. 496, 503 at n.7.

3

this Court agrees with the Magistrate Judge that there is no basis to overturn the ALJ's decision regarding Plaintiff's mental impairments and his functional capacity. The ALJ adequately addressed the GAF scores and his reasons to discount them. (Tr. at 21); *See Kornecky*, 167 Fed.Appx. at 511 (finding low GAF scores insufficient to find that ALJ's decision was not support by substantial evidence). The Court finds this objection is without merit.

Next, Plaintiff objects to the Magistrate Judge's determination that "Plaintiff's Personality disorder does not mandate a finding of disability at Step 3 of the Administrative Sequence." (Obj. at 6). Specifically, Plaintiff contends that his impairments meet those of Listing 12.08 – Personality Disorders. Plaintiff again relies on the conclusions of Dr. Kondapaneni to support his claims that his psychological limitations are more severe than the ALJ concludes. As stated above, the ALJ's conclusions were supported by substantial evidence, and the ALJ did not err by discounting any contrary opinions of Dr. Kondapaneni. Accordingly, this objection fails for many of the same reasons stated above.

In conclusion, this Court agrees with the Magistrate Judge that, under the applicable substantial evidence standard, set forth at page 11 of the R&R, the ALJ's determination in this 0matter is within the "zone of choice" accorded to the ALJ.

Accordingly, the Court ACCEPTS and ADOPTS the February 22, 2012 R&R (Docket Entry No. 12).

IT IS ORDERED that Plaintiff's motion for remand (Docket Entry No. 10) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Docket Entry No. 11) is GRANTED and this Court hereby AFFIRMS the Commissioner's

decision.

    IT IS SO ORDERED.

                                      S/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated: March 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2012, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez  
                                      Case Manager